UNITED STATES COURT OF APPEALS

**Filed 10/18/96**

FOR THE TENTH CIRCUIT

ALVIN L. WILLIAMS,

     Plaintiff-Appellee,

v.

DONICE NEAL, individually;
GERALD GASKO, individually;
FRANK GUNTER, individually;
WILLIAM BOKROS; HENRY
BOOTH, individually,

     Defendants-Appellants,

  and

ARISTEDES W. ZAVARAS, in his
official capacity; GEORGE
SULLIVAN, individually;
DEPARTMENT OF CORRECTIONS,
State of Colorado,

     Defendants.

No. 95-1474
(D.C. No. 94-Z-420)
(D. Colo.)

ORDER AND JUDGMENT[*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Alvin L. Williams, a black man, filed this employment discrimination suit after he was discharged from his job with the Denver Reception and Diagnostic Center, which is governed by the Colorado Department of Corrections. Plaintiff claims his termination was improperly based on race rather than any legitimate reason. Defendants, the Department of Corrections and current or former corrections officials, filed motions for summary judgment, arguing they were entitled to qualified immunity on plaintiff's claims against them under Title VII, 42 U.S.C. §§ 2000e to 2000e-17, and 42 U.S.C. §§ 1981, 1983 and 1985(3). Judge Zita Weinshienk held a hearing on the motions, stating near its conclusion that

> plaintiff has given me sufficient facts and allegations that I think we
> at least have to give the plaintiff a chance to prove his allegations,
> which is that there was a chain of command; that [defendants]
> Sullivan and Gunter and others were apprised of disciplinary actions;
> that they acquiesced; that they knew and condoned this particular
> alleged atmosphere of racial animus.

-2-

Appellants' Br., Transcript of Summary Judgment Hearing at 34-35. Judge Weinshienk therefore denied defendants' motions for summary judgment.

Defendants Donice Neal, Gerald Gasko, Frank Gunter, William Bokros, and Henry Booth, all sued in their personal capacity, appeal from the district court's order denying their motion for summary judgment based on qualified immunity. Appellants argue that Judge Weinshienk applied the wrong legal standard for supervisor liability in deciding their motion for summary judgment, in that she erroneously failed to conclude that the undisputed facts demonstrate that these appellants did not deliberately violate plaintiff's clearly established constitutional rights. We hold that Judge Weinshienk applied the correct standard for supervisor liability in an employment discrimination suit, and that we lack jurisdiction to review her finding that material issues of disputed fact exist to be tried.

In an employment discrimination suit, "supervisor liability requires 'allegations of personal direction or of actual knowledge and acquiescence.'" Woodward v. City of Worland, 977 F.2d 1392, 1400 (10th Cir. 1992)(quoting Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990)), cert. denied, 509 U.S. 923 (1993). Judge Weinshienk's comment at the hearing, quoted above, indicates that she determined the correct legal standard to apply to appellants' motion. Appellants are really asking us to review Judge Weinshienk's finding that genuine issues of material fact on plaintiff's claims exist to be tried.

This we cannot do, because the Supreme Court has determined that appellate courts lack jurisdiction to review fact-based determinations concerning qualified immunity in an interlocutory appeal. See Johnson v. Jones, 115 S. Ct. 2151, 2156, 2159 (1995); Sevier v. City of Lawrence, 60 F.3d 695, 700 (10th Cir. 1995).

The district court's determination of clearly established law is AFFIRMED; otherwise, the appeal is DISMISSED.

Entered for the Court

John C. Porfilio
Circuit Judge